**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**UNITED STATES OF AMERICA**

**v.** **CRIMINAL NO. 14-126-JWD-SCR**

**KENDRICK D. ALEXANDER**

**ORDER AND RULING ON MOTION IN LIMINE**

Before the Court is the government's motion to admit evidence of the recordings of conversations between Defendant Kendrick Alexander and a confidential source ("CS") which include references to other narcotics. (R.Doc. 34).[1] The Prosecution argues that this evidence is admissible as intrinsic evidence. The Defendant has filed no opposition. For the following reasons, the Court finds that the references to other narcotics are admissible intrinsic evidence.

## I. Background

Defendant is charged with attempted possession with intent to distribute oxycodone in violation of 18 U.S.C. §§ 841(a)(1) and 846. The prosecution contends[2] that, in the summer of 2014, a CS informed DEA agents that the Defendant sought to purchase "Roxies" (i.e., oxycodone) from him. The government alleges that the CS began cooperating with the DEA agents and continued discussions with the Defendant about a drug purchase. In August 2014, the DEA began recording these conversations. According to the government, the DEA eventually arranged a fake drug transaction whereby the Defendant would pay $60,000 for 5,000 oxycodone pills. The government contends that, under instructions from the DEA, the CS told the

[1] This ruling addresses only the first half of the government's motion concerning the recorded conversations. The other half concerning the Defendant's previous drug conviction and the Defendant's alleged statement to the CS will be addressed at the March 2, 2015, hearing.

[2] The following summary merely contains the allegations of the government as set forth in R.Doc. 34. This summary is in no way intended to be an opinion as to whether the government will ultimately be able to prove these facts at trial beyond a reasonable doubt.

Defendant to meet at an Albertson's parking lot on August 14, 2014, with the $60,000 in cash. Purportedly, once the CS confirmed the Defendant brought the money, he was to tell the Defendant to follow him to a Home Depot parking lot, where they would exchange the money for the drugs. According to the government, the Defendant acted according to the plan, went to the Albertson's parking lot, and, en route to the Home Depot, was arrested with $61,100 in cash in a white paper bag in his vehicle.

The Prosecution provided with their Motion and Memorandum in Support Regarding Intrinsic and 404(B) Evidence (R.Doc. 34) five Exhibits containing excerpts from the recorded conversations between the CS and the Defendant. In the first two exhibits, during a discussion about a possible oxycodone deal, the Defendant appears to explore the possibility of purchasing other drugs, including "the syrup" (codeine), "the powder" (cocaine), and "weed" (marijuana). In the third exhibit, the Defendant talks about the availability of "the grapes" (codeine) before the CS ultimately says, "just wait till after this one and then, uh, we'll just talk about that tomorrow or later." In the fourth conversation, the Defendant states that, "What I'm doing with you right now Is my first time since 2005, 2006, that's how many year's it's been." (R.Doc. 34-4). In the fifth conversation, purportedly recorded after his arrest, the Defendant basically says that he has not done anything illegal in ten or more years. These are the statements at issue in the government's motion.

**II. Discussion**

The Fifth Circuit has explained:

> To determine whether "other acts" evidence was erroneously admitted, first we must determine whether the evidence was intrinsic or extrinsic. " 'Other act' evidence is 'intrinsic' when the evidence of the other act and evidence of the crime charged are 'inextricably intertwined' or both acts are part of a 'single criminal episode' or the other acts were 'necessary preliminaries' to the crime charged." *United States v. Williams*, 900 F.2d 823, 825 (5th Cir.1990). This

> evidence is admissible to complete the story of the crime by proving the immediate context of events in time and place. *United States v. Kloock*, 652 F.2d 492, 494–95 (5th Cir.1981); *see also*, *United States v. Royal*, 972 F.2d 643, 647 (5th Cir.1992), *cert. denied*, 507 U.S. 911, 113 S.Ct. 1258, 122 L.Ed.2d 655 (1993) (intrinsic evidence admissible so the jury may evaluate all the circumstances under which the defendant acted). Intrinsic evidence does not implicate Rule 404(b), and "consideration of its admissibility pursuant to Rule 404(b) is unnecessary."

*United States v. Coleman*, 78 F.3d 154, 156 (5th Cir. 1996).

The Court finds persuasive the case of *United States v. Clark*, No. 99-77, 2000 WL 140567, at *1 (E.D.La. Feb. 7, 2000) (Vance, J.). There, the Eastern district held that the following was "intrinsic" evidence: (1) the defendant's prior history of drug dealing with the confidential informant and (2) of a drug buy between them that was arranged but never occurred. As in *Clark*, the highlighted statements in Exhibits 1-5 "complete[] the story of and [are] inextricably intertwined with the offense charged." *Id.* Further, as in *Clark*, this evidence shows "the nature of the relationship between the confidential informant and defendant and why the informant could expect to obtain [oxycodone] from defendant on the occasion at issue. This testimony is a natural part of the confidential informant's account of the circumstances surrounding the charged offense." *Id.* This is particularly true since, as the government notes, the comments at issue occurred during the same conversations as the discussions about buying oxycodone. Ultimately, the above statements "complete the story of the crime by proving the immediate context of events in time and place." *Coleman*, 78 F.3d at 156.

The Court is also persuaded by *United States v. Williams*, 277 Fed.Appx. 472 (5th Cir. 2008) and *United States v. Miranda*, 248 F.3d 434, 440-441 (5th Cir. 2001), *overruled on other grounds*, *United States v. Walker*, 302 F.3d 322, 324 (5th Cir. 2002), both of which were cited by the government. In *Williams*, the Fifth Circuit upheld a ruling allow intrinsic evidence. The evidence was that the defendant participated in drug transactions with his co-conspirators during

the year 2005 when the government's case centered on a conspiracy during the summer of 2006. In rejecting the defendant's arguments, the Court explained that the other drug transactions were very close in time to the crime at issue. Further:

> [The Fifth Circuit] has held that a district court did not abuse its discretion in characterizing drug transactions that pre-dated the indicted conspiracy as intrinsic evidence. *See United States v. Miranda*, 248 F.3d 434, 440–41 (5th Cir.2001). This court explained that the testimony was "not submitted to show the defendant's proclivity towards crime, but ... as background information establishing the connection between a witness and a defendant." *Id*. Similarly, evidence of Williams's 2005 drug transactions established the nature of the relationship among the co-conspirators and the existence of an ongoing drug business.

*Id.* at 475.

Similarly, the statements at issue are proximate in time to the alleged crime. Further, while there is no conspiracy charged in this case, the statements at issue help to establish "the connection between [the CS] and [the] defendant," the relationship between the individuals, and the defendant's desire to begin a drug business. The statements "complete the witness's account of his various dealings with the defendants." *Miranda*, 248 F.3d at 440-441 (allowing evidence concerning the witness previously buying drugs from a defendant when the purchases occurred years before the alleged crime and holding that such evidence was intrinsic).

Additionally, the Prosecution is correct that this evidence satisfies the requirements of Fed.R.Evid. 403 in that its "probative value is [not] substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury … or needlessly presenting cumulative evidence." Here, the evidence is highly relevant to knowledge and intent. As *Clark* summarized, "When, as here, the government must prove that defendant acted 'intentionally or knowingly,' the issue of intent is material. Thus, because [the defendant] pled not guilty plea, he has placed intent at issue[.]" *See Clark*, 2000 WL 140567, at *2 (citations omitted) (stating that pleading not

guilty ordinarily justifies the admission of extrinsic acts). The evidence is probative toward showing the Defendant's knowledge of the drug trade, including the use of the above code-words.

The statements at issue are highly relevant for another reason. The Defendant has expressed a desire to use the entrapment defense. (See R.Doc. 44). Predisposition is a factor to consider when evaluating entrapment. *See United States v. Theagene*, 565 F.3d 911, 918-919 (5th Cir.2009). One of the factors used in determining predisposition is a defendant's "demonstrated knowledge or experience in the criminal activity under investigation." *United States v. Chavez*, 119 F.3d 342, 346 (5th Cir. 1997) (citing *United States v. Madrigal*, 43 F.3d 1367, 1370 (10th Cir. 1994) (internal quotation omitted), *cert denied*, 514 U.S. 1089, 115 S.Ct. 1808 (1995)). Here, the statements go directly toward the Defendant's knowledge and experience in the drug trade, thereby making them relevant if the Defendant proceeds with this defense.

Further, this evidence is considerably less prejudicial than other evidence allowed by the Fifth Circuit, particularly that of *United States v. Bertha*, 384 Fed.Appx. 351, 353 (5th Cir. 2010), which allowed intrinsic evidence of a sexual assault.[3]

---

[3] In *Bertha*, the defendant was convicted of, among other things, conspiracy to possess with intent to distribute controlled substances, attempted interference with commerce by robbery, possessing and carrying a firearm in furtherance of and during and in relation to a crime of violence, and possession of cocaine and marijuana with intent to distribute. The conspiracy involved a series of armed home invasions and robberies committed by the Defendant and his co-conspirators. The intended victims of the robberies were known drug dealers. On appeal, the Defendant argued that "evidence of a sexual assault that occurred during one of the home invasions was extrinsic to the conspiracy and should have been excluded" because it was "unnecessarily graphic and unfairly prejudicial." 384 Fed. Appx. at 352. In the home invasion at issue, the Defendant "entered a residence with the intent to commit an armed robbery under the mistaken belief that it was the residence of a drug dealer. [The Defendant] committed a sexual assault at that residence, with the mistaken belief that the victim was the cousin of the drug dealer's wife." *Id.* In finding no unfair prejudice in admitting evidence of the sexual assault, the Court noted that the Government did not go into "unnecessary factual details about it" and that the prejudicial effect was mitigated by a limiting instruction given by the court concerning other acts.

Finally, the Court will reduce the prejudice by making the limiting instruction contained in the Fifth Circuit Pattern Jury Instructions, § 1.19:

> You are here to decide whether the government has proved beyond a reasonable doubt that the defendant is guilty of the crime charged. The defendant is not on trial for any act, conduct, or offense not alleged in the [superseding] indictment.

*See Bertha*, 384 Fed. Appx. 351 (5th Cir. 2010) (citing *United States v. Williams*, 343 F.3d 423, 437 (5th Cir. 2003)). The Court will make this instruction both after the playing of the above excerpts and in the final jury charges.

## III. Conclusion

Accordingly,

**IT IS ORDERED** that the United States' Motion and Memorandum in Support Regarding Intrinsic and 404(B) Evidence (R.Doc. 34) is **GRANTED IN PART** and **DEFERRED IN PART;**

**IT IS FURTHER ORDERED** that the recordings of conversations between Kendrick Alexander and the CS which include references to other narcotics is admissible intrinsic evidence; and

**IT IS FURTHER ORDERED** that, in all other respects, the United States' motion is **DEFERRED** until the March 2, 2015, hearing on the government's other motions in limine.

Signed in Baton Rouge, Louisiana, on February 26, 2015.

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**